# EXHIBIT A

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 12/19/2023 10:00 AM

FILED
10/18/2023 3:07 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L010613
Calendar, D
24845858

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

FILED DATE: 10/18/2023 3:07 PM   2023L010613

| | |
|---|---|
| SERGIO LOPEZ | ) |
| | ) |
| Plaintiff | ) |
| v. | ) No. 2023L010613 |
| | ) |
| NBCUNIVERSAL MEDIA, LLC., a | ) |
| Foreign Limited Liability Corporation, | ) |
| UNIVERSAL TELEVISION, LLC., a | ) |
| Foreign Limited Liability Corporation, | ) |
| OPEN 4 BUSINESS PRODUCTIONS | ) |
| LLC, a Foreign Limited Liability | ) |
| Corporation, WOLF ENTERTAINMENT | ) |
| INC., a Foreign Corporation, CINELEASE | ) |
| INC., a Foreign Corporation, HERC | ) |
| RENTALS INC., a Foreign Corporation | ) |
| | ) |
| Defendants. | |

## COMPLAINT AT LAW

### COUNT I
**(Construction Negligence v. NBCUniversal Media, LLC)**

NOW COMES the Plaintiff, SERGIO LOPEZ, by and through his attorneys, TAXMAN,

POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count I of his Complaint at Law, against

defendant NBCUNIVERSAL MEDIA, LLC., states:

1.     That on and before November 14, 2021, defendant NBCUNIVERSAL MEDIA, LLC,

owned, and/or was in charge of the erection, construction, repairs, alteration, designing, inspecting,

planning, coordinating, scheduling, removal and/or keep of a film set for the television show

"Chicago Fire," located at or near the McCormick Place Busway, just north of Monroe Street, in

Chicago, Illinois.

1

FILED DATE: 10/18/2023 3:07 PM   2023L010613

2.     That at the aforementioned time and place, Plaintiff, SERGIO LOPEZ was employed as an I.A.T.S.E. Studio Mechanic, on said premises and in furtherance of the aforesaid work.

3.     That at the aforesaid time and place prior thereto, defendant NBCUNIVERSAL MEDIA, LLC, individually and through its agents, servants, and employees, was present during the course of such erection, construction, repairs, alteration, removal, and/or painting. Defendant participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspecting of the work. In addition, thereto, at said time and place, defendant had the authority to stop the work, refuse the work and materials, and order changes in the work, in the event the work was being performed in a dangerous manner for any other reason.

4.     That at all times material to this Complaint, defendant, NBCUNIVERSAL MEDIA, LLC, by and through its agents, servants, and employees, had a duty to exercise reasonable care in the erection, construction, placement, operation and control of said construction site, including the provision of safe and suitable ground conditions in areas of ingress and egress for Plaintiff and others then and there working.

5.     Notwithstanding its duty, at said time and place, defendant NBCUNIVERSAL MEDIA, LLC, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a)    Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant, knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to Plaintiff;

    (b)    Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

    (c)    Failed to provide the Plaintiff with a safe place within which to work;

2

FILED DATE: 10/18/2023 3:07 PM   2023L010613

(d)     Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(e)     Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises;

(f)     Failed to supervise the work being done on the aforesaid premises;

(g)     Failed to ensure that ground conditions were safe, suitable, level, and stable in areas of ingress and egress; and/or

(h)     Failed to ensure safe and proper access to the Plaintiff's work area.

6.      Further notwithstanding its aforesaid duty, at said time and place, the defendant, by and through its agents, servants, employees and subcontractors, improperly trained, supervised and instructed the Plaintiff, SERGIO LOPEZ.

7.      That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he manually move a cart with electrical equipment on and about the aforesaid premises through an area of ingress and egress where the defendant had failed to ensure safe, suitable, level, and stable ground conditions.

8.      That at said time and place, Plaintiff manually moved a cart over a significantly raised threshold (curb) through a doorway serving as an area of ingress and egress, thereby proximately causing injuries as hereinafter mentioned.

9.      That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the defendant, Plaintiff was caused to be injured, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in

3

FILED DATE: 10/18/2023 3:07 PM   2023L010613

mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, SERGIO LOPEZ, demands judgment against the defendant, NBCUNIVERSAL MEDIA, LLC, a Foreign Limited Liability Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

### COUNT II
### (Premises Liability v. NBCUniversal Media, LLC)

NOW COMES the Plaintiff, SERGIO LOPEZ, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count II of his Complaint at Law, against defendant NBCUNIVERSAL MEDIA, LLC., states:

1.      That on or about November 14, 2021, and for a long time prior thereto, defendant NBCUNIVERSAL MEDIA, LLC, possessed, operated, managed, maintained, designed, inspected, planned and controlled or had a duty to possess, operate, manage, maintain, design, inspect, plan and control, both directly and indirectly, individually and through its agents, servants and employees, a film set for the television show "Chicago Fire," located at or near the McCormick Place Busway, just north of Monroe Street, in Chicago, Illinois.

2.      That at the aforementioned time and place and prior thereto, defendant NBCUNIVERSAL MEDIA, LLC, well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although defendant, knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

4

FILED DATE: 10/18/2023 3:07 PM   2023L010613

3.    That at the aforesaid time and place, the duties and responsibilities of Plaintiff required that he move electrical equipment, then and there being used in the aforementioned erection, construction, repairs, alteration, removal and/or painting.

4.    The defendant NBCUNIVERSAL MEDIA, LLC, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)    Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

(b)    Allowed and permitted ground hazards including raised thresholds and curbs to exist in areas of ingress and egress and Plaintiff's work area;

(c)    Failed to provide proper and adequate access to Plaintiff's work area;

(d)    Failed to make a reasonable inspection of the aforesaid premises, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff; and/or

(e)    Failed to warn the Plaintiff of the dangerous condition of said floor, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff.

5.    Further notwithstanding its aforesaid duty, at said time and place, defendant, by and through its agents, servants, employees and subcontractors, improperly trained, supervised and instructed the Plaintiff, SERGIO LOPEZ.

6.    That at said time and place, Plaintiff manually moved a cart over a significantly raised threshold (curb) through a doorway serving as an area of ingress and egress, thereby proximately causing injuries as hereinafter mentioned.

7.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent

injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, SERGIO LOPEZ, demands judgment against the Defendant, NBCUNIVERSAL MEDIA, LLC, a Foreign Limited Liability Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

**COUNT III**
**(Construction Negligence v. Universal Television, LLC)**

NOW COMES the Plaintiff, SERGIO LOPEZ, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count III of his Complaint at Law, against defendant UNIVERSAL TELEVISION, LLC., states:

1.     That on and before November 14, 2021, defendant UNIVERSAL TELEVISION, LLC, owned, and/or was in charge of the erection, construction, repairs, alteration, designing, inspecting, planning, coordinating, scheduling, removal and/or keep of a film set for the television show "Chicago Fire," located at or near the McCormick Place Busway, just north of Monroe Street, in Chicago, Illinois.

2.     That at the aforementioned time and place, Plaintiff, SERGIO LOPEZ was employed as an I.A.T.S.E. Studio Mechanic, on said premises and in furtherance of the aforesaid work.

FILED DATE: 10/18/2023 3:07 PM   2023L010613

FILED DATE: 10/18/2023 3:07 PM   2023L010613

3.      That at the aforesaid time and place prior thereto, defendant UNIVERSAL TELEVISION, LLC, individually and through its agents, servants, and employees, was present during the course of such erection, construction, repairs, alteration, removal, and/or painting. Defendant participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspecting of the work. In addition, thereto, at said time and place, defendant had the authority to stop the work, refuse the work and materials, and order changes in the work, in the event the work was being performed in a dangerous manner for any other reason.

4.      That at all times material to this Complaint, defendant, UNIVERSAL TELEVISION, LLC, by and through its agents, servants, and employees, had a duty to exercise reasonable care in the erection, construction, placement, operation and control of said construction site, including the provision of safe and suitable ground conditions in areas of ingress and egress for Plaintiff and others then and there working.

5.      Notwithstanding its duty, at said time and place, defendant UNIVERSAL TELEVISION, LLC, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a)    Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant, knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to Plaintiff;

    (b)    Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

    (c)    Failed to provide the Plaintiff with a safe place within which to work;

    (d)    Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant, knew, or in the exercise of ordinary care should

FILED DATE: 10/18/2023 3:07 PM   2023L010613

have known, that said warning was necessary to prevent injury to the Plaintiff;

(e)    Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises;

(f)    Failed to supervise the work being done on the aforesaid premises;

(g)    Failed to ensure that ground conditions were safe, suitable, level, and stable in areas of ingress and egress; and/or

(h)    Failed to ensure safe and proper access to the Plaintiff's work area.

6.    Further notwithstanding its aforesaid duty, at said time and place, the defendant, by and through its agents, servants, employees and subcontractors, improperly trained, supervised and instructed the Plaintiff, SERGIO LOPEZ.

7.    That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he manually move a cart with electrical equipment on and about the aforesaid premises through an area of ingress and egress where the defendant had failed to ensure safe, suitable, level, and stable ground conditions.

8.    That at said time and place, Plaintiff manually moved a cart over a significantly raised threshold (curb) through a doorway serving as an area of ingress and egress, thereby proximately causing injuries as hereinafter mentioned.

9.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the defendant, Plaintiff was caused to be injured, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became

8

FILED DATE: 10/18/2023 3:07 PM   2023L010613

liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, SERGIO LOPEZ, demands judgment against the defendant, UNIVERSAL TELEVISION, LLC, a Foreign Limited Liability Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT IV
### (Premises Liability v. Universal Television, LLC)

NOW COMES the Plaintiff, SERGIO LOPEZ, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count IV of his Complaint at Law, against defendant UNIVERSAL TELEVISION, LLC, LLC., states:

1.     That on or about November 14, 2021, and for a long time prior thereto, defendant UNIVERSAL TELEVISION, LLC, possessed, operated, managed, maintained, designed, inspected, planned and controlled or had a duty to possess, operate, manage, maintain, design, inspect, plan and control, both directly and indirectly, individually and through its agents, servants and employees, a film set for the television show "Chicago Fire," located at or near the McCormick Place Busway, just north of Monroe Street, in Chicago, Illinois.

2.     That at the aforementioned time and place and prior thereto, defendant UNIVERSAL TELEVISION, LLC, LLC, well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although defendant, knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

9

FILED DATE: 10/18/2023 3:07 PM   2023L010613

3.     That at the aforesaid time and place, the duties and responsibilities of Plaintiff required that he move electrical equipment, then and there being used in the aforementioned erection, construction, repairs, alteration, removal and/or painting.

4.     The defendant UNIVERSAL TELEVISION, LLC, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)     Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

(b)     Allowed and permitted ground hazards including raised thresholds and curbs to exist in areas of ingress and egress and Plaintiff's work area;

(c)     Failed to provide proper and adequate access to Plaintiff's work area;

(d)     Failed to make a reasonable inspection of the aforesaid premises, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff; and/or

(e)     Failed to warn the Plaintiff of the dangerous condition of said floor, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff.

5.     Further notwithstanding its aforesaid duty, at said time and place, defendant, by and through its agents, servants, employees and subcontractors, improperly trained, supervised and instructed the Plaintiff, SERGIO LOPEZ.

6.     That at said time and place, Plaintiff manually moved a cart over a significantly raised threshold (curb) through a doorway serving as an area of ingress and egress, thereby proximately causing injuries as hereinafter mentioned.

7.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent

FILED DATE: 10/18/2023 3:07 PM   2023L010613

injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, SERGIO LOPEZ, demands judgment against the Defendant, UNIVERSAL TELEVISION, 3LLC, a Foreign Limited Liability Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

### COUNT V
#### (Construction Negligence v. Open 4 Business Productions LLC)

NOW COMES the Plaintiff, SERGIO LOPEZ, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count V of his Complaint at Law, against defendant OPEN 4 BUSINESS PRODUCTIONS LLC., states:

1.     That on and before November 14, 2021, defendant OPEN 4 BUSINESS PRODUCTIONS LLC, owned, and/or was in charge of the erection, construction, repairs, alteration, designing, inspecting, planning, coordinating, scheduling, removal and/or keep of a film set for the television show "Chicago Fire," located at or near the McCormick Place Busway, just north of Monroe Street, in Chicago, Illinois.

2.     That at the aforementioned time and place, Plaintiff, SERGIO LOPEZ was employed as an I.A.T.S.E. Studio Mechanic, on said premises and in furtherance of the aforesaid work.

11

FILED DATE: 10/18/2023 3:07 PM   2023L010613

3.      That at the aforesaid time and place prior thereto, defendant OPEN 4 BUSINESS PRODUCTIONS LLC, individually and through its agents, servants, and employees, was present during the course of such erection, construction, repairs, alteration, removal, and/or painting. Defendant participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspecting of the work. In addition, thereto, at said time and place, defendant had the authority to stop the work, refuse the work and materials, and order changes in the work, in the event the work was being performed in a dangerous manner for any other reason.

4.      That at all times material to this Complaint, defendant, OPEN 4 BUSINESS PRODUCTIONS LLC, by and through its agents, servants, and employees, had a duty to exercise reasonable care in the erection, construction, placement, operation and control of said construction site, including the provision of safe and suitable ground conditions in areas of ingress and egress for Plaintiff and others then and there working.

5.      Notwithstanding its duty, at said time and place, defendant OPEN 4 BUSINESS PRODUCTIONS LLC, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

      (a)    Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant, knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to Plaintiff;

      (b)    Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

      (c)    Failed to provide the Plaintiff with a safe place within which to work;

      (d)    Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant, knew, or in the exercise of ordinary care should

FILED DATE: 10/18/2023 3:07 PM    2023L010613

have known, that said warning was necessary to prevent injury to the Plaintiff;

(e) Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises;

(f) Failed to supervise the work being done on the aforesaid premises;

(g) Failed to ensure that ground conditions were safe, suitable, level, and stable in areas of ingress and egress; and/or

(h) Failed to ensure safe and proper access to the Plaintiff's work area.

6. Further notwithstanding its aforesaid duty, at said time and place, the defendant, by and through its agents, servants, employees and subcontractors, improperly trained, supervised and instructed the Plaintiff, SERGIO LOPEZ.

7. That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he manually move a cart with electrical equipment on and about the aforesaid premises through an area of ingress and egress where the defendant had failed to ensure safe, suitable, level, and stable ground conditions.

8. That at said time and place, Plaintiff manually moved a cart over a significantly raised threshold (curb) through a doorway serving as an area of ingress and egress, thereby proximately causing injuries as hereinafter mentioned.

9. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the defendant, Plaintiff was caused to be injured, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became

13

FILED DATE: 10/18/2023 3:07 PM   2023L010613

liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, SERGIO LOPEZ, demands judgment against the defendant, OPEN 4 BUSINESS PRODUCTIONS LLC, a Foreign Limited Liability Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

### COUNT VI
**(Premises Liability v. Open 4 Business Productions LLC)**

NOW COMES the Plaintiff, SERGIO LOPEZ, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count VI of his Complaint at Law, against defendant OPEN 4 BUSINESS PRODUCTIONS LLC., states:

1.     That on or about November 14, 2021, and for a long time prior thereto, defendant OPEN 4 BUSINESS PRODUCTIONS LLC, possessed, operated, managed, maintained, designed, inspected, planned and controlled or had a duty to possess, operate, manage, maintain, design, inspect, plan and control, both directly and indirectly, individually and through its agents, servants and employees, a film set for the television show "Chicago Fire," located at or near the McCormick Place Busway, just north of Monroe Street, in Chicago, Illinois.

2.     That at the aforementioned time and place and prior thereto, defendant OPEN 4 BUSINESS PRODUCTIONS LLC, well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although defendant, knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

14

FILED DATE: 10/18/2023 3:07 PM   2023L010613

3.     That at the aforesaid time and place, the duties and responsibilities of Plaintiff required that he move electrical equipment, then and there being used in the aforementioned erection, construction, repairs, alteration, removal and/or painting.

4.     The defendant OPEN 4 BUSINESS PRODUCTIONS LLC, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)     Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

(b)     Allowed and permitted ground hazards including raised thresholds and curbs to exist in areas of ingress and egress and Plaintiff's work area;

(c)     Failed to provide proper and adequate access to Plaintiff's work area;

(d)     Failed to make a reasonable inspection of the aforesaid premises, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff; and/or

(e)     Failed to warn the Plaintiff of the dangerous condition of said floor, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff.

5.     Further notwithstanding its aforesaid duty, at said time and place, defendant, by and through its agents, servants, employees and subcontractors, improperly trained, supervised and instructed the Plaintiff, SERGIO LOPEZ.

6.     That at said time and place, Plaintiff manually moved a cart over a significantly raised threshold (curb) through a doorway serving as an area of ingress and egress, thereby proximately causing injuries as hereinafter mentioned.

7.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent

15

injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, SERGIO LOPEZ, demands judgment against the Defendant, OPEN 4 BUSINESS PRODUCTIONS LLC, a Foreign Limited Liability Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

**COUNT VII**
**(Construction Negligence v. Wolf Entertainment, Inc.)**

NOW COMES the Plaintiff, SERGIO LOPEZ, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count VII of his Complaint at Law, against defendant WOLF ENTERTAINMENT, INC., states:

1. That on and before November 14, 2021, WOLF ENTERTAINMENT, INC., owned, and/or was in charge of the erection, construction, repairs, alteration, designing, inspecting, planning, coordinating, scheduling, removal and/or keep of a film set for the television show "Chicago Fire," located at or near the McCormick Place Busway, just north of Monroe Street, in Chicago, Illinois.

2. That at the aforementioned time and place, Plaintiff, SERGIO LOPEZ was employed as an I.A.T.S.E. Studio Mechanic, on said premises and in furtherance of the aforesaid work.

3. That at the aforesaid time and place prior thereto, defendant WOLF ENTERTAINMENT, INC., individually and through its agents, servants, and employees, was present during the course

16

FILED DATE: 10/18/2023 3:07 PM   2023L010613

FILED DATE: 10/18/2023 3:07 PM   2023L010613

of such erection, construction, repairs, alteration, removal, and/or painting. Defendant participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspecting of the work. In addition, thereto, at said time and place, defendant had the authority to stop the work, refuse the work and materials, and order changes in the work, in the event the work was being performed in a dangerous manner for any other reason.

4.    That at all times material to this Complaint, defendant, WOLF ENTERTAINMENT, INC., by and through its agents, servants, and employees, had a duty to exercise reasonable care in the erection, construction, placement, operation and control of said construction site, including the provision of safe and suitable ground conditions in areas of ingress and egress for Plaintiff and others then and there working.

5.    Notwithstanding its duty, at said time and place, defendant WOLF ENTERTAINMENT, INC., by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)    Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant, knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to Plaintiff;

(b)    Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

(c)    Failed to provide the Plaintiff with a safe place within which to work;

(d)    Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(e)    Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises;

17

FILED DATE: 10/18/2023 3:07 PM   2023L010613

     (f)     Failed to supervise the work being done on the aforesaid premises;

     (g)     Failed to ensure that ground conditions were safe, suitable, level, and stable in areas of ingress and egress; and/or

     (h)     Failed to ensure safe and proper access to the Plaintiff's work area.

6.     Further notwithstanding its aforesaid duty, at said time and place, the defendant, by and through its agents, servants, employees and subcontractors, improperly trained, supervised and instructed the Plaintiff, SERGIO LOPEZ.

7.     That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he manually move a cart with electrical equipment on and about the aforesaid premises through an area of ingress and egress where the defendant had failed to ensure safe, suitable, level, and stable ground conditions.

8.     That at said time and place, Plaintiff manually moved a cart over a significantly raised threshold (curb) through a doorway serving as an area of ingress and egress, thereby proximately causing injuries as hereinafter mentioned.

9.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the defendant, Plaintiff was caused to be injured, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

FILED DATE: 10/18/2023 3:07 PM   2023L010613

WHEREFORE, the Plaintiff, SERGIO LOPEZ, demands judgment against the defendant, WOLF ENTERTAINMENT, INC., a Foreign Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT VIII
### (Premises Liability v. Wolf Entertainment, Inc.)

NOW COMES the Plaintiff, SERGIO LOPEZ, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count VIII of his Complaint at Law, against defendant WOLF ENTERTAINMENT, INC., states:

1.     That on or about November 14, 2021, and for a long time prior thereto, defendant WOLF ENTERTAINMENT, INC., possessed, operated, managed, maintained, designed, inspected, planned and controlled or had a duty to possess, operate, manage, maintain, design, inspect, plan and control, both directly and indirectly, individually and through its agents, servants and employees, a film set for the television show "Chicago Fire," located at or near the McCormick Place Busway, just north of Monroe Street, in Chicago, Illinois.

2.     That at the aforementioned time and place and prior thereto, defendant WOLF ENTERTAINMENT, INC., well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although defendant, knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

3.     That at the aforesaid time and place, the duties and responsibilities of Plaintiff required that he move electrical equipment, then and there being used in the aforementioned erection, construction, repairs, alteration, removal and/or painting.

19

4.     The defendant WOLF ENTERTAINMENT, INC., was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

     (a)     Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

     (b)     Allowed and permitted ground hazards including raised thresholds and curbs to exist in areas of ingress and egress and Plaintiff's work area;

     (c)     Failed to provide proper and adequate access to Plaintiff's work area;

     (d)     Failed to make a reasonable inspection of the aforesaid premises, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff; and/or

     (e)     Failed to warn the Plaintiff of the dangerous condition of said floor, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff.

5.     Further notwithstanding its aforesaid duty, at said time and place, defendant, by and through its agents, servants, employees and subcontractors, improperly trained, supervised and instructed the Plaintiff, SERGIO LOPEZ.

6.     That at said time and place, Plaintiff manually moved a cart over a significantly raised threshold (curb) through a doorway serving as an area of ingress and egress, thereby proximately causing injuries as hereinafter mentioned.

7.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and

FILED DATE: 10/18/2023 3:07 PM   2023L010613

FILED DATE: 10/18/2023 3:07 PM   2023L010613

will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, SERGIO LOPEZ, demands judgment against the Defendant, WOLF ENTERTAINMENT, INC., a Foreign Limited Liability Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT IX
### (Construction Negligence v. Cinelease, Inc.)

NOW COMES the Plaintiff, SERGIO LOPEZ, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count IX of his Complaint at Law, against defendant CINELEASE, INC., states:

1.      That on and before November 14, 2021, CINELEASE, INC., owned, and/or was in charge of the erection, construction, repairs, alteration, designing, inspecting, planning, coordinating, scheduling, removal and/or keep of a film set for the television show "Chicago Fire," located at or near the McCormick Place Busway, just north of Monroe Street, in Chicago, Illinois.

2.      That at the aforementioned time and place, Plaintiff, SERGIO LOPEZ was employed as an I.A.T.S.E. Studio Mechanic, on said premises and in furtherance of the aforesaid work.

3.      That at the aforesaid time and place prior thereto, defendant CINELEASE, INC., individually and through its agents, servants, and employees, was present during the course of such erection, construction, repairs, alteration, removal, and/or painting. Defendant participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspecting of the work. In

21

FILED DATE: 10/18/2023 3:07 PM   2023L010613

addition, thereto, at said time and place, defendant had the authority to stop the work, refuse the work and materials, and order changes in the work, in the event the work was being performed in a dangerous manner for any other reason.

4.      That at all times material to this Complaint, defendant, CINELEASE, INC., by and through its agents, servants, and employees, had a duty to exercise reasonable care in the erection, construction, placement, operation and control of said construction site, including the provision of safe and suitable ground conditions in areas of ingress and egress for Plaintiff and others then and there working.

5.      Notwithstanding its duty, at said time and place, defendant CINELEASE, INC., by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

  (a)  Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant, knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to Plaintiff;

  (b)  Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

  (c)  Failed to provide the Plaintiff with a safe place within which to work;

  (d)  Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

  (e)  Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises;

  (f)  Failed to supervise the work being done on the aforesaid premises;

  (g)  Failed to ensure that ground conditions were safe, suitable, level, and stable in areas of ingress and egress; and/or

22

FILED DATE: 10/18/2023 3:07 PM    2023L010613

(h)      Failed to ensure safe and proper access to the Plaintiff's work area.

6.      Further notwithstanding its aforesaid duty, at said time and place, the defendant, by and through its agents, servants, employees and subcontractors, improperly trained, supervised and instructed the Plaintiff, SERGIO LOPEZ.

7.      That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he manually move a cart with electrical equipment on and about the aforesaid premises through an area of ingress and egress where the defendant had failed to ensure safe, suitable, level, and stable ground conditions.

8.      That at said time and place, Plaintiff manually moved a cart over a significantly raised threshold (curb) through a doorway serving as an area of ingress and egress, thereby proximately causing injuries as hereinafter mentioned.

9.      That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the defendant, Plaintiff was caused to be injured, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned.  The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer.  Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, SERGIO LOPEZ, demands judgment against the defendant, CINELEASE, INC., a Foreign Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

23

FILED DATE: 10/18/2023 3:07 PM    2023L010613

## COUNT X
### (Premises Liability v. Cinelease, Inc.)

NOW COMES the Plaintiff, SERGIO LOPEZ, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count X of his Complaint at Law, against defendant CINELEASE, INC., states:

1.      That on or about November 14, 2021, and for a long time prior thereto, defendant CINELEASE, INC., possessed, operated, managed, maintained, designed, inspected, planned and controlled or had a duty to possess, operate, manage, maintain, design, inspect, plan and control, both directly and indirectly, individually and through its agents, servants and employees, a film set for the television show "Chicago Fire," located at or near the McCormick Place Busway, just north of Monroe Street, in Chicago, Illinois.

2.      That at the aforementioned time and place and prior thereto, defendant CINELEASE, INC., well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although defendant, knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

3.      That at the aforesaid time and place, the duties and responsibilities of Plaintiff required that he move electrical equipment, then and there being used in the aforementioned erection, construction, repairs, alteration, removal and/or painting.

4.      The defendant CINELEASE, INC., was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

> (a)     Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

FILED DATE: 10/18/2023 3:07 PM   2023L010613

    (b)    Allowed and permitted ground hazards including raised thresholds and curbs to exist in areas of ingress and egress and Plaintiff's work area;

    (c)    Failed to provide proper and adequate access to Plaintiff's work area;

    (d)    Failed to make a reasonable inspection of the aforesaid premises, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff; and/or

    (e)    Failed to warn the Plaintiff of the dangerous condition of said floor, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff.

5.    Further notwithstanding its aforesaid duty, at said time and place, defendant, by and through its agents, servants, employees and subcontractors, improperly trained, supervised and instructed the Plaintiff, SERGIO LOPEZ.

6.    That at said time and place, Plaintiff manually moved a cart over a significantly raised threshold (curb) through a doorway serving as an area of ingress and egress, thereby proximately causing injuries as hereinafter mentioned.

7.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

FILED DATE: 10/18/2023 3:07 PM   2023L010613

WHEREFORE, the Plaintiff, SERGIO LOPEZ, demands judgment against the Defendant, CINELEASE, INC., a Foreign Limited Liability Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

**COUNT XI**
**(Construction Negligence v. Herc Rentals, Inc.)**

NOW COMES the Plaintiff, SERGIO LOPEZ, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count XI of his Complaint at Law, against defendant HERC RENTALS, INC., states:

1.      That on and before November 14, 2021, HERC RENTALS, INC., owned, and/or was in charge of the erection, construction, repairs, alteration, designing, inspecting, planning, coordinating, scheduling, removal and/or keep of a film set for the television show "Chicago Fire," located at or near the McCormick Place Busway, just north of Monroe Street, in Chicago, Illinois.

2.      That at the aforementioned time and place, Plaintiff, SERGIO LOPEZ was employed as an I.A.T.S.E. Studio Mechanic, on said premises and in furtherance of the aforesaid work.

3.      That at the aforesaid time and place prior thereto, defendant HERC RENTALS, INC., individually and through its agents, servants, and employees, was present during the course of such erection, construction, repairs, alteration, removal, and/or painting. Defendant participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspecting of the work. In addition, thereto, at said time and place, defendant had the authority to stop the work, refuse the work and materials, and order changes in the work, in the event the work was being performed in a dangerous manner for any other reason.

FILED DATE: 10/18/2023 3:07 PM   2023L010613

4.      That at all times material to this Complaint, defendant, HERC RENTALS, INC., by and through its agents, servants, and employees, had a duty to exercise reasonable care in the erection, construction, placement, operation and control of said construction site, including the provision of safe and suitable ground conditions in areas of ingress and egress for Plaintiff and others then and there working.

5.      Notwithstanding its duty, at said time and place, defendant HERC RENTALS, INC., by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)     Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant, knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to Plaintiff;

(b)     Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

(c)     Failed to provide the Plaintiff with a safe place within which to work;

(d)     Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(e)     Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises;

(f)     Failed to supervise the work being done on the aforesaid premises;

(g)     Failed to ensure that ground conditions were safe, suitable, level, and stable in areas of ingress and egress; and/or

(h)     Failed to ensure safe and proper access to the Plaintiff's work area.

27

FILED DATE: 10/18/2023 3:07 PM    2023L010613

6.      Further notwithstanding its aforesaid duty, at said time and place, the defendant, by and through its agents, servants, employees and subcontractors, improperly trained, supervised and instructed the Plaintiff, SERGIO LOPEZ.

7.      That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he manually move a cart with electrical equipment on and about the aforesaid premises through an area of ingress and egress where the defendant had failed to ensure safe, suitable, level, and stable ground conditions.

8.      That at said time and place, Plaintiff manually moved a cart over a significantly raised threshold (curb) through a doorway serving as an area of ingress and egress, thereby proximately causing injuries as hereinafter mentioned.

9.      That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the defendant, Plaintiff was caused to be injured, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, SERGIO LOPEZ, demands judgment against the defendant, HERC RENTALS, INC., a Foreign Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

FILED DATE: 10/18/2023 3:07 PM    2023L010613

## COUNT XII
### (Premises Liability v. Herc Rentals, Inc.)

NOW COMES the Plaintiff, SERGIO LOPEZ, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count XII of his Complaint at Law, against defendant HERC RENTALS, INC., states:

1.      That on or about November 14, 2021, and for a long time prior thereto, defendant HERC RENTALS, INC., possessed, operated, managed, maintained, designed, inspected, planned and controlled or had a duty to possess, operate, manage, maintain, design, inspect, plan and control, both directly and indirectly, individually and through its agents, servants and employees, a film set for the television show "Chicago Fire," located at or near the McCormick Place Busway, just north of Monroe Street, in Chicago, Illinois.

2.      That at the aforementioned time and place and prior thereto, defendant HERC RENTALS, INC., well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although defendant, knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

3.      That at the aforesaid time and place, the duties and responsibilities of Plaintiff required that he move electrical equipment, then and there being used in the aforementioned erection, construction, repairs, alteration, removal and/or painting.

4.      The defendant HERC RENTALS, INC., was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

> (a)     Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

29

FILED DATE: 10/18/2023 3:07 PM   2023L010613

     (b)     Allowed and permitted ground hazards including raised thresholds and curbs to exist in areas of ingress and egress and Plaintiff's work area;

     (c)     Failed to provide proper and adequate access to Plaintiff's work area;

     (d)     Failed to make a reasonable inspection of the aforesaid premises, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff; and/or

     (e)     Failed to warn the Plaintiff of the dangerous condition of said floor, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff.

5.     Further notwithstanding its aforesaid duty, at said time and place, defendant, by and through its agents, servants, employees and subcontractors, improperly trained, supervised and instructed the Plaintiff, SERGIO LOPEZ.

6.     That at said time and place, Plaintiff manually moved a cart over a significantly raised threshold (curb) through a doorway serving as an area of ingress and egress, thereby proximately causing injuries as hereinafter mentioned.

7.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

FILED DATE: 10/18/2023 3:07 PM 2023L010613

WHEREFORE, the Plaintiff, SERGIO LOPEZ, demands judgment against the Defendant, HERC RENTALS, INC., a Foreign Limited Liability Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

Respectfully Submitted:

Jonathan D. Treshansky

**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC.**
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
I.D. No.: 61090
jtreshansky@tpmblegal.com

31